IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Komisar

Plaintiff(s),

v.

Blatt, Hasenmiller, Leibsker & Moore LLC

Defendant(s).

Case No. 14 c 7948
Judge Virginia M. Kendall

## ORDER

The motion to dismiss is granted. The Complaint is dismissed with prejudice.

## STATEMENT

Plaintiff Laurence Komisar filed a Complaint against defendant law firm Blatt, Hasenmiller, Leibsker, and Moore, LLC ("BHLM") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Komisar alleges that BHLM violated the FDCPA when it filed the collection action in the First Municipal District of Cook County, Illinois, rather than the Second Municipal District of Cook County, Illinois where Komisar resides. *See* § 1692i(2) (creditor must bring legal actions for consumer in the judicial district of similar legal entity where debtor resides or where contract sued upon was signed); *see also Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 643 (7th Cir. 2014) ("the relevant judicial district or similar legal entity is the smallest geographic area relevant to venue in the court system in which the case is filed"). BHLM maintains that Komisar's claims are time-barred and moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). For the following reasons, BHLM's Motion to Dismiss is granted.

## BACKGROUND

For the purposes of this motion to dismiss, the Court treats the following facts set forth in the Complaint as true. *See Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 995 (7th Cir. 2014). At all times relevant to this case, Komisar lived in the northern suburbs of Chicago in Northfield, Illinois. (Compl. ¶ 13). Sometime before August 2013, Komisar incurred a debt of $2,139.83 to Capital One Bank. (*Id.* ¶7). On August 21, 2013, BHLM, on behalf of Capital One Bank, filed a collection action against Komisar in the First Municipal District of the Cook County Circuit Court, located in Chicago. (*Id.* ¶ 8). Komisar's residence is within the Second Municipal District of the Cook County Circuit Court. (*Id.* ¶ 14). On October 10, 2013, the Cook County Circuit Court entered an ex-parte judgment against Komisar. (*Id.* ¶ 23). One year later on October 10, 2014, Komisar filed this lawsuit against BHLM.

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal of a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the plaintiff's] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). To survive a motion to dismiss, the plaintiff must do more than simply recite elements of a claim; the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although normally an affirmative defense, a statute of limitations defense is appropriate at the motion to dismiss stage "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations." *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011).

## DISCUSSION

The FDCPA's statute of limitations requires plaintiffs to bring actions under § 1692 "within one year from the date on which the violation occurs." § 1692k(d). The Seventh Circuit has not spoken directly as to when the "violation" occurs (and thus the statute of limitations begins to run) in the context of a § 1692i violation. Komisar argues that the alleged violation occurred when a judgment was entered against him on October 10, 2013. BHLM argues that the filing of the lawsuit in the improper forum on August 21, 2013 was the triggering event. The Court adopts BHLM's construction and finds that the statute of limitations began to run when the complaint against Komisar was filed in the improper venue.

The limitations period begins when a collection action is filed in an allegedly improper venue. The majority of court to address the issue have reached this conclusion. *See Naas v. Stoleman¸* 130 F.3d 892, 893 (9th Cir. 1997) ("statute of limitations began to run on the filing of the complaint"); *Hardaway v. CIT Group/Consumer Finance Inc.*, 836 F. Supp. 2d 677, 683-84 (N.D. Ill. 2011); *Judy v. Blatt, Hasenmiller, Leibsker, and Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *3 (N.D. Ill. Jan. 29, 2010).[1] This construction is consistent both with the purpose of the FDCPA to relieve debtors of the burden of litigating in an inconvenient forum and the plain text of the statute. The phrase "bring . . . any legal action" plainly refers the beginning of a civil case, and not simply any act related to the law. *E.g.* Fed. R. Civ. P. 3 ("A civil *action* is commenced by filing a complaint with the court.") (emphasis added). Entry of judgment is not a discrete legal action that can be brought. Therefore, the only limitations period at issue here began to run on August 21, 2013.

The continuing violation doctrine cannot save Komisar's Complaint. "The statute of limitations begins to run upon injury . . . and is not tolled by subsequent injuries." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) (purpose of the "continuing violation" doctrine is "to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought."). The FDCPA prohibits "bringing" a legal action in an improper forum. Thus, the violation and injury occurs as soon as the debt collector brings the

---

[1] The Tenth Circuit found that the clock begins to run at the time of service. *See Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). This construction would also require dismissal of the Complaint because Komisar was served in the state court case on August 26, 2013.

lawsuit in the improper forum, in other words the moment the complaint is filed. *See, e.g.*, *Judy*, 2010 WL 431484, at *4 (continuing to prosecute FDCPA case does not trigger new limitations period). The entry of judgment was not the event that allowed "a series of wrongful acts [to blossom] into an injury on which suit [could] be brought" and likewise was not a new and separate "legal action," but simply incident to the legal action that did trigger the limitations period. *See Limestone Development*, 520 F.3d at 801. Thus, the entry of judgment against Komisar in state court did not begin a new limitations period.

Komisar's proposed construction ignores the fact that § 1692i and 1692k should be read *in pari materia*. *See United States v. Sanders*, 708 F.3d 976, 993 (7th Cir. 2013) ("under the *in pari materia* canon of statutory construction, statutes addressing the same subject matter generally should be read as if they were one law") (internal citation omitted). Both the venue provision of the FDCPA and the statute of limitations use the word "bring" and "legal action" to refer to the filing of a complaint. Section 1692i(a)(2), provides that debt collectors must "bring [a debt collection] action" only in a proper venue. Section 1692k(d) provides: "An action to enforce any liability created by this subchapter *may be brought* . . . within one year from the date on which the violation occurs." The parties seem to agree, as does the Court, that "brought" in the limitations context means "filed." Indeed, Komisar's claim relies on this construction of § 1692k. If Komisar were required cause judgment to be entered in this case – a "legal action" under his definition – within one year from the entry of the state court judgment against him, he would have been precluded from doing so the day after he filed his complaint. Komisar provides no basis to believe that either "bring" or "action" has a different meaning in § 1692i than it does in § 1692k.

Komisar's lawsuit is therefore time-barred. BHLM filed the collection action in state court on August 21, 2013 and Komisar did not file the present lawsuit until October 10, 2014. The FDCPA's statute of limitations is one year from the time of the violation. § 1692k(d). The Court grants the motion to dismiss because Komisar's Complaint pleads facts establishing an impenetrable statute of limitations defense. *See Logan*, 644 F.3d at 583.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. The Complaint is dismissed with prejudice.

Date: 1/29/2015

_____
Virginia M. Kendall
United States District Judge